# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KARMIN DEARING,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 1:12-0603 |
| v. | : | (RAMBO, D.J.) |
| | : | (MANNION, M.J.) |
| **ANDREW H. DOWLING, Judge;** | : | |
| **JENNA LEWIS, District Attorney;** | | |
| **and JAMES McGRADY, Warden,** | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

Plaintiff, formerly an inmate at the State Correctional Institution at Retreat, Hunlock Creek, Pennsylvania, has filed the instant civil rights action pursuant to 42 U.S.C. §1983, in which he alleges violations of his rights in relation to his sentence in the Court of Common Pleas of Dauphin County on a charge of escape[1]. (Doc. No. 1). Having received an appropriate motion for leave to proceed *in forma pauperis*, (Doc. No. 20), and prisoner authorization form, (Doc. No. 21), on November 13, 2012, an administrative order was issued directing the Warden at the Dauphin County Prison to begin deducting the proper filing fee for the instant action from the plaintiff's inmate account. (Doc. No. 22). As the plaintiff is proceeding *in forma pauperis*, the court accordingly is giving his complaint preliminary consideration pursuant to 28

---

[1] Plaintiff is currently incarcerated at the Dauphin County Prison on unrelated charges.

U.S.C. §1915(e)(2)(B)[2]. In giving the plaintiff's complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B), the court will recommend that the complaint be dismissed.

In his complaint and related materials[3], the plaintiff alleges that on January 12, 2011, he was sentenced to 15 to 36 months of incarceration on a charge of escape. According to the plaintiff, the escape should have been charged as a second degree misdemeanor which would have carried a sentence of 12 to 24 months of incarceration.

On July 12, 2011, the plaintiff alleges that he filed a petition for post-conviction relief and was granted a hearing which took place on March 27, 2012. At the hearing, it was agreed that the plaintiff would be re-sentenced to 12 to 24 months and immediately be paroled based on time served[4].

---

[2]Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding *in forma pauperis* "if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[3]In addition to his complaint, the plaintiff filed a "Civil Action Brief," (Doc. No. 6), and a "Civil Brief," (Doc. No. 13), which have been considered by the court.

[4]From a partial transcript of the post-conviction hearing provided by the plaintiff, it appears that when the plaintiff was charged with escape from a work release center, he had two detainers lodged against him. (Doc. No. 13, Ex. 4). The first was a domestic relations detainer. If an individual is charged
(continued...)

Thereafter, the plaintiff alleges that he was released on March 29, 2012. At the time of his release, the plaintiff alleges that he had served 85 days over his maximum sentence[5]. Plaintiff alleges that his confinement over the maximum 24-month sentence was a violation of his Eighth Amendment rights.

The plaintiff is seeking compensatory and punitive damages for each day he served over the maximum 24 month sentence.

---

[4](...continued)
with escape while serving at a work release center on a domestic relations detainer, the escape charge would be a misdemeanor of the second degree. The second detainer holding the plaintiff was by order of court in relation to a revocation proceeding. An escape charge while serving a sentence from the court is a felony of the third degree. Therefore, upon his escape, the plaintiff could either have been charged with a misdemeanor of the second degree or a felony of the third degree.

The partial post-conviction hearing transcript provides that the original complaint against the plaintiff charged him with a felony of the third degree. However, the plaintiff apparently had worked out an agreement at his preliminary hearing that the charge would be forwarded as a misdemeanor of the second degree. Unfortunately for the plaintiff, the change was not made in the charge and his case was processed as a felony in the third degree, and the plaintiff was sentenced as such.

At his post-conviction hearing, recognizing the apparent oversight, the Commonwealth requested that the plaintiff be resentenced on the misdemeanor charge and, considering that he had already served the maximum sentence for that charge, be processed out of the state system. The plaintiff apparently agreed to this resolution and so it was done.

Subsequent to the resentencing on March 27, 2012, the plaintiff was processed out of the state system and released on March 29, 2012.

[5]In his original complaint, the plaintiff alleged that he served 90 days over the maximum sentence. However, in subsequent documents, he alleges he served 85 days over the maximum.

3

In the instant action, the plaintiff has named three individuals. He has named the Common Pleas judge who apparently presided over his state criminal proceedings, Andrew Dowling; the Assistant District Attorney who prosecuted the case, Jenna Lewis; and the Warden at SCI-Retreat where he served his sentence, James McGrady.

With respect to defendant Dowling, "[t]he Supreme Court has long recognized that judges are immune from suit under §1983 for monetary damages arising from their judicial acts." Hookey v. Lomas, 2010 WL 1009908 (M.D.Pa. Mar. 11, 2010)[6] *aff'd*, 438 Fed.Appx. 110 (3d Cir. 2011) (quoting Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000)). A judge does not forfeit that immunity simply because his action was erroneous, done maliciously, or exceeded his authority. Id. (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Judicial immunity does not apply to nonjudicial actions or to actions, that, while judicial in nature, are taken in the complete absence of all jurisdiction. Id. (citing Gallas, 211 F.3d at 768). Factors which determine whether an act is a "judicial act" "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity." Id. (citing Figueroa v. Blackburn, 208 F.3d 435, 443 (3d

---

[6]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

4

Cir. 2000)). Generally, where a court has some subject matter jurisdiction, there will be sufficient jurisdiction for purposes of judicial immunity. Id. citing Figueroa, 208 F.3d at 443-44).

Here, it is clear that defendant Dowling's act in sentencing the plaintiff was a judicial act. Moreover, the plaintiff does not challenge the jurisdiction of the court to sentence him, but only the sentence imposed. Therefore, defendant Dowling is entitled to immunity with respect to the plaintiff's claims.

In addition, with respect to defendant Lewis, the Supreme Court has held that prosecutors are absolutely immune from liability in §1983 suits based on prosecutorial actions that are "intimately associated with the judicial phase of the criminal process." Beattie v. Dep't of Corr. SCI-Mahanoy, 2009 WL 533051 (M.D. Pa. Mar. 3, 2009) (citing Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). The availability prosecutorial immunity depends on the function served by the act for which it is sought. Id. (citing Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993)). Thus, prosecutorial immunity applies when a prosecutor prepares to initiate a judicial proceeding, and it continues throughout the execution of the prosecutor's basic trial advocacy duties. Van de Kamp, 555 U.S. at 342-43. However, absolute immunity may not protect a prosecutor acting outside of the trial process in a purely investigative or administrative capacity. Id. When applying prosecutorial immunity, courts consider only

5

whether the prosecutor's action served an advocacy function. The prosecutor's subjective motivation has no effect on the availability of immunity. Beattie, at *4 (citing Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir. 1991)) ("Consideration of personal motives is directly at odds with the Supreme Court's simple functional analysis of prosecutorial immunity.").

Here, it is apparent that defendant Lewis' actions in proceeding with the sentencing of the plaintiff served an advocacy function. Therefore, defendant Lewis is entitled to prosecutorial immunity in relation to those proceedings.

Finally, with respect to defendant McGrady, there are no allegations that he was involved in the sentencing proceedings which resulted in the plaintiff's confinement on the escape charge. The only indication is that defendant McGrady was the Warden where the plaintiff was ultimately held on the order issued by defendant Dowling which, until the plaintiff was re-sentenced on March 27, 2012, was a valid court order. Upon being re-sentenced on March 27, 2012, the plaintiff was processed out of the state system and was released from incarceration on March 29, 2012[7].

---

[7]The court notes that "a prisoner incarcerated past the expiration of his sentence has a cause of action under §1983 for deprivation of Eighth Amendment rights." Homoki v. Northampton County, 86 F.3d 324 (3d Cir. 1996) (citing Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989)). However, said detention must occur without penological justification. See Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993). In order to support such a claim, the plaintiff
(continued...)

As a final matter, apparently recognizing that certain of the defendants would be entitled to immunity, on November 13, 2012, the plaintiff filed a "Motion to Modify Civil Action," (Doc. No. 18), in which he seeks to add the Commonwealth of Pennsylvania as a defendant. To this extent, federal courts can not consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 241 (1985); Edelman v. Jordan, 415 U.S. 651, 662 (1974). This immunity extends to suits asserting civil rights violations where the state is named as a defendant. Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir.1981). "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting

---

⁷(...continued)
must establish: (1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his/her response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention. See Douglas v. Murphy, 6 F.Supp.2d 430, 431-32 (E.D.Pa. 1998) (citing Sample, 885 F.2d at 1110).
     Here, other than naming defendant McGrady in the caption of his complaint, the plaintiff fails to set forth any allegations against him which would indicate that he was involved in an Eighth Amendment violation with respect to the plaintiff's detention.

7

Congress that power." Chittister v. Dep't. of Community & Economic Dev., 226 F.3d 223, 226 (3d Cir. 2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute Pennsylvania has specifically withheld consent [to be sued]." Laskaris, 661 F.2d at 25 (citing Pa. Cons.Stat. Ann. §§8521(b)). Additionally, §1983 does not abrogate the Eleventh Amendment. Quern v. Jordan, 440 U.S. 332, 345 (1979). Further, an essential element of any claim under §1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. §1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under §1983." Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989). As such, the plaintiff's motion seeking to add the Commonwealth as a defendant should be denied.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's motion to proceed *in forma pauperis*, **(Doc. No. 20)**, be **GRANTED**;

**(2)** the plaintiff's complaint, **(Doc. No. 1)**, be **DISMISSED** pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B); and

**(3)** the plaintiff's "Motion to Modify Civil Action," **(Doc. No. 18)**,

be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States Magistrate Judge**

Dated: November 26, 2012

O:\shared\REPORTS\2012 Reports\12-0603-01.wpd